UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLIANCE PACKAGING LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SMURFIT-STONE CONTAINER CORPORATION, a Delaware corporation, et al.,<br><br>Defendants. | C07-112Z<br><br>ORDER |

This matter comes before the Court on Defendant Altivity Packaging, LLC's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,156,287, docket no. 53, and Defendant Altivity Packaging, LLC's Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,156,287 for Lack of Enablement, docket no. 54. Having reviewed the briefs, declarations, and exhibits submitted in support of, and in opposition to, the motions, the Court now enters the following Order.

**I.   Background**

On January 24, 2007, Alliance Packaging, LLC ("Alliance") filed a complaint against Altivity Packaging, LLC ("Altivity"), alleging infringement of its patent for a container with

ORDER   1–

an integrated spout.[1]  Compl., docket no. 1, ¶¶ 24-27.  The patent at issue is U.S. Patent No. 7,156,287 (the " '287 Patent").  Compl. ¶ 20.  The Court construed the disputed terms of the '287 Patent in the Court's Claim Construction Order, docket no. 87.  On January 3, 2008, before the Court issued the Claim Construction Order, Altivity filed the two summary judgment motions presently before the Court.

## II.   Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 250 (1986).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor."  Anderson, 477 U.S. at 255.

## III.   Infringement

An infringement analysis entails two steps: (1) the claims must be construed; and (2) the properly construed claims must be compared to the allegedly infringing device.  Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd 517 U.S. 370 (1996).  To show infringement, a patentee must show all claim limitations are present in an accused device either literally or under the doctrine of equivalents.  See General Mills, Inc. v. Hunt-Wesson, Inc., 103 F.3d 978, 981, 984-85 (Fed. Cir. 1997).  If an independent claim is not infringed, any dependent claims will not be infringed.  Wahpeton Canvas Co. v. Frontier, Inc., 870 F.2d 1546, 1553 (Fed. Cir. 1989).

### A.   Literal Infringement

Literal infringement requires that every limitation of the patent claim be found in the accused infringing device.  General Mills, 103 F.3d at 981.  A literal infringement

---

[1] Alliance also sued Smurfit-Stone Container Corporation for breach of contract.  Compl. ¶¶ 22-23.

ORDER  2–

determination, whether properly construed claims read onto an accused product, is a question of fact. Id. (internal quotations and citations omitted).  However, "[w]here the parties do not dispute any relevant facts regarding the accused product, . . . but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment." Id. at 983.

First, Altivity argues that the accused container does not literally infringe the '287 Patent because the accused container's spout only hinges about one edge segment. In the claim construction proceedings, Altivity asked the Court to construe the term "lower side" in Claims 1 and 6 to mean "the entire bottom portion of the spout," and argued that the spout must be hinged about three bottom edge segments in a three-panel embodiment of the invention. Because the Court declined to adopt Altivity's proposed construction and instead construed "lower side" in Claims 1 and 6 to allow a spout to hinge about one bottom edge segment in a three-panel embodiment of the invention, Altivity's "lower side" non-infringement argument is now moot.

Second, Altivity argues that the accused container does not infringe because: (a) its tab partially overlaps the spout's concavity on one side; and (b) the concavity (hollow) defined by the spout is not completely covered by the tab on another side. In the claim construction proceedings, Altivity asked the Court to construe the term "cover" in Claims 1 and 6 to mean "exact match" or "exact overlay." The Court declined to adopt Altivity's proposed construction, and, as a result, declined to interpret the claims as requiring the tab to exactly cover the concavity. The Court did adopt a concession by Alliance that "the tab does not overlap the concave edge of the spout itself," and incorporated this concession into the Court's claim construction of "cover the concavity." An issue of material fact remains as to whether the tab in the accused container overlaps the concave edge of the spout. Accordingly, whether the "cover the concavity" claim limitation in Claims 1 and 6 is present in the accused container is a question of fact for the jury.

ORDER  3–

**B.    Doctrine of Equivalents**

An infringer who makes "unimportant and insubstantial changes and substitutions" that add nothing but are enough to put the accused product technically outside the claim is still an infringer. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 732-733 (2002). A patentee may invoke this doctrine if an element "performs substantially the same function in substantially the same way to obtain the same result." Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950) (citing Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 42 (1929)). The doctrine of equivalents exists to "temper unsparing logic and prevent an infringer from stealing the benefit of the invention." Graver Tank, 339 U.S. at 608 (internal quotations and citations omitted)

**1.    Missing Elements**

When a claim element is absent from an accused device, there can be no infringement under the doctrine of equivalents. DeMarini Sports, Inc. v. Worth, Inc., 239 F.3d 1314, 1332 (Fed. Cir. 2001). Altivity urges the Court to hold that the doctrine of equivalents is unavailable because the accused container is missing two claim elements. First, Altivity asserts that the accused container has a spout that hinges about one edge. However, the Court's construction of the claim term "lower side" allows for a spout that hinges about one edge. Second, Altivity asserts that the accused container's tab is not configured to exactly "cover the concavity." However, the Court's construction of "cover the concavity" does not require exact coverage of the concavity. There remains a question of material fact as to whether a gap or overlap of the tab in relation to the concavity of the spout is de minimis. The Court declines to hold that any claim element is absent from the accused device.

**2.    Prosecution History Estoppel**

When a claim element is modified during prosecution, then the doctrine of prosecution history estoppel may be invoked to prevent a court finding equivalents to the claim element. Festo, 535 U.S. at 740-741. "Prosecution history estoppel does not arise in

ORDER  4–

every instance when a patent application is amended." Id. at 735 (internal quotations and citations omitted).  Estoppel arises "only where claims have been amended for a limited set of reasons, such as to avoid the prior art, or otherwise to address a specific concern – such as obviousness – that arguably would have rendered the claimed subject matter unpatentable." Id.

Altivity argues that prosecution history estoppel prevents the application of the doctrine of equivalents to the "cover the concavity" claim term.  The phrase "cover the concavity" was added to Claims 1 and 6 during prosecution and "concavity" is discussed within the prosecution remarks.  Joint Claim Chart, docket no. 41, Ex. 2 (" '287 Patent Prosecution History") at 14, 18, 23.  Although the prosecution history discusses "concavity," and even distinguishes a reference ("Venning") partially based on the presence of a concavity on the spout, there is nothing that suggests that "cover the concavity" was a limitation added to overcome the reference, avoid an obviousness rejection, or otherwise obtain issuance.  '287 Patent Prosecution History, at 14, 21-27.  For these reasons, the Court does not invoke prosecution estoppel to prevent Alliance from raising a claim under the doctrine of equivalents.

### 3.    Compliance with Scheduling Order

Altivity argues that where a party has not provided detailed contentions of infringement under the doctrine of equivalents in a timely way, it will not be allowed to allege infringement under the doctrine of equivalents.  Altivity draws an analogy to a patent case in the Eastern District of Texas where the court precluded an advancement of an infringement theory because a party had not identified that theory according to a scheduled disclosure.  Nike, Inc. v. Adidas America Inc., 479 F. Supp. 2d 664, 668, 669-670 (E.D. Tex. 2007).  In Nike, an Eastern District of Texas Local Rule was used to deny a doctrine of equivalents assertion.  Altivity's argument is not persuasive.  First, the Eastern District of Texas Local Rules are not in effect in this District.  Second, in Alliance's Prehearing

ORDER  5–

Statement, Alliance stated "[t]o the extent that any element of any Asserted Claim is not found to be literally present, Alliance contends that the element is present under the doctrine of equivalents." Alliance's Prehearing Statement, docket no. 42, at 5:23-26. This Prehearing Statement provided Altivity with a timely notice of Alliance's allegations of infringement under the doctrine of equivalents.

### C. Conclusion Re: Infringement

Accordingly, the Court DENIES Defendant Altivity Packaging, LLC's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,156,287, docket no. 53.

## IV. Enablement

The Patent Act provides:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, . . .

35 U.S.C. § 112, ¶ 1. Whether a claim satisfies the enablement requirement of 35 U.S.C. § 112, ¶ 1 is a question of law based on underlying facts. Koito Mfg. Co. v. Turn-Key-Tech, LLC, 381 F.3d 1142, 1149 (Fed. Cir. 2004); Nat'l Recovery Techs., Inc. v. Magnetic Separation Sys., Inc., 166 F.3d 1190, 1194 (Fed. Cir. 1999). Because a patent is presumed to be valid, the evidentiary burden to show facts supporting a conclusion of invalidity is one of clear and convincing evidence. AK Steel Corp. v. Sollac & Ugine, 344 F.3d 1234, 1238-39 (Fed Cir. 2003). The "enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation." AK Steel, 344 F.3d at 1244; see also In re Wands, 858 F.2d 731, 736-37 (Fed. Cir. 1988).

Altivity has not argued that undue experimentation is required to practice the claimed invention. Instead, Altivity argues that Claims 1 and 6 of the '287 Patent are directed to a spout hinged about three lower edge segments. Claims 1 and 6 require that the spout pivots,

ORDER 6–

and there is no dispute that a spout hinged at three lower edges will not pivot. As such, Altivity's motion is premised on the Court's adoption of Altivity's proposed claim construction for a "lower side."[2] Altivity's argument is now moot because the Court adopted Alliance's proposed construction of a "lower side." See Claim Construction Order at 14. Accordingly, the Court DENIES Defendant Altivity Packaging, LLC's Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,156,287 for Lack of Enablement, docket no. 54.

## V. Conclusion

For the reasons outlined above, the Court DENIES Defendant Altivity Packaging, LLC's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,156,287, docket no. 53, and DENIES Defendant Altivity Packaging, LLC's Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,156,287 for Lack of Enablement, docket no. 54.

IT IS SO ORDERED.

DATED this 19th day of March, 2008.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

---

[2] In its summary judgment motion for lack of enablement, Altivity briefly argues that the spout is not enabled even if the Court adopts Alliance's construction of a "lower side." See Altivity's Motion, docket no. 54, at 1:17-19; Alliance's Resp., docket no. 59, at 12 n.8; Altivity's Reply, docket no. 72, at 1:2-7, 3:1-13. Altivity's argument is vague and assumes that the Court will import the folded lines limitation from certain figures into the claims via the construction of a "lower side," a position the Court rejected in its Claim Construction Order.

ORDER 7–