1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8

9    ALLIANCE PACKAGING LLC, a
     Washington limited liability company,

10                          Plaintiff,                    C07-112Z

11   v.                                                   ORDER

12   SMURFIT-STONE CONTAINER
     CORPORATION, a Delaware corporation, et
13   al.,

14                          Defendants.

15

16

17          This matter comes before the Court on Defendants' motion for summary judgment of

18   invalidity, docket no. 160.  For the reasons stated in this Order, the motion is DENIED.

19          **BACKGROUND**

20          Plaintiff Alliance Packaging, LLC brought suit against Defendants Smurfit-Stone

21   Container Corporation and Altivity Packaging, LLC alleging infringement of United States

22   Patent number 7,156,287 ("the '287 patent").  Defendant Altivity ("Defendant") brings this

23   motion for summary judgment of invalidity of the '287 patent based on Defendant's claim

24   that the inventor's oath that accompanied the patent application for the '287 patent was false.

25          On August 23, 2004, Plaintiff Alliance filed a patent application, serial number

26   10/924,529, which was directed to "an integrated solids dispensing pour spout."  Ex. A to

     Def. Mot., docket no. 160, at 1, 4.  This patent application contained ten Figures, the last of

     ORDER  1–

1  which was labeled as Figure 10 and depicted a pour spout with two panels, 30a and 30b.  Id.

2  at 27.  The application also contained another spout design with three panels, 30a, 22, and

3  30b, as in Figure 8.  Id. at 25.  The original independent claims of the patent application did

4  not require a center panel and as a result those claims read on Figure 10.  Id. at 13-16.

5  Dependent claim 3 recited the center panel.  Id. at 13.  The claims in the issued patent all

6  require a center panel and therefore do not read on Figure 10, but do read on Figures 2-8.

7  Higa Decl., docket no. 125, ex. U (Patent File Wrapper).

8      On August 19, 2004, John Heise signed a declaration attesting that he was the

9  inventor "of the subject matter which is claimed and for which a patent is sought."

10 Defendants' motion, docket no. 29 at Ex. A.  It is undisputed that the Heise oath by the

11 applicant as prescribed by Section 115 of Title 35 was false.  Heise has admitted that he did

12 not create Figure 10 of the original submission to the United States Patent and Trademark

13 Office.  (PTO).  It is further undisputed that the patent, as issued, does not read on Figure 10.

14 Defendant moves to declare the '287 patent invalid based on the false oath.

15     **DISCUSSION**

16     There are two reasons why Defendants' motion is without merit.  First, the patent, as

17 issued, does not claim any invention on Figure 10.  It is undisputed that claims of the patent

18 application that related to Figure 10 are not part of the '287 patent.  Figure 10 is therefore

19 irrelevant to the issue of invalidity of the issued patent as a matter of law.  Second, when an

20 improper inventor appears on a patent application, or is omitted from the application, 35

21 U.S.C. § 256 permits correction of the mistake if it arose as a result of "error and without

22 deceptive intention."  35 U.S.C. § 111, 115.  Ashlow Limited v. Morgan Const., 1982 WL

23 52161(D. S.C. 1982).

24     "Generally, an issued patent will not be invalidated because of technical deficiencies

25 in the oath or declaration."  Chisum on Patents, § 11.02(1)(c)(v); See also Seiko Epson Corp.

26 v. Nu-Kote Int'l, Inc., 190 F.3d 1360, 1367 (Fed. Cir. 1999). ("The courts have consistently

rejected the notion of per se forfeiture based on non-fraudulent failure to comply with a rule of practice before the PTO.") Congress specifically addressed the issue of whether naming the incorrect inventors renders a patent invalid:

> "Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Commissioner may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Commissioner shall issue a certificate accordingly."

35 U.S.C. § 256.

A patent can be corrected under § 256 as long as the error arose without deceptive intent. See also, Stark v. Advanced Magnetics, 119 F.3d 1551, 1553 (Fed. Cir. 1997). If, as Defendant claims, any error in the oath that misstates inventorship works to invalidate the patent, then § 256 could never provide a remedy because any patent with misstated inventorship would be fatally flawed.[1]

IT IS SO ORDERED.

DATED this 8th day of September, 2008.

Thomas S. Zilly
United States District Judge

---

[1]Defendants' reliance on Sadler-Cisar, Inc. v. Commercial Sale Network, Inc., 786 F.Supp. 1287 (N.D. Ohio 1991) and Ashlow Ltd. v. Morgan Constr. Co., 213 U.S.P.Q. 671 (D. S.C. 1982) is misplaced. Each case involved inequitable conduct providing ample reason to invalidate the patent at issue in those cases. In contrast, Defendant's motion is based solely on the inventor's oath filed with the original application.

ORDER  3–